*J. Ryman*, for the plaintiff.

---

MILEY *v.* MARSHALL.

Bill of foreclosure. The evidence did not sustain the bill, but it was shown that the plaintiff, on several occasions before and after the execution of the mortgage, had advanced money to the defendant, the mortgagor, and for his use. *Held*, that the refusal of the Circuit Court to retain the bill and give a decree for the money thus advanced, was right.

May Term,
1853.

MILEY
v.
MARSHALL.

Monday,
June 6.

ERROR to the *Dearborn* Circuit Court.

DAVISON, J.—Bill to foreclose a mortgage.

The bill states, in substance, that on or about the 13th of *June*, 1848, the defendant was indebted to the plaintiff in the sum of 300 dollars; and to secure the payment of that sum he executed and delivered to him a mortgage on the east half of the north-east quarter of section ten, in township seven, range one, in *Dearborn* county. There was no note or bond given as evidence of the debt. The plaintiff, after the delivery of the mortgage, handed it to the defendant to be by him given to the recorder of said county for record; but he failed to do so, and has ever since concealed it. When the mortgage was given, the defendant held the land therein described by deed from his father, one *William P. Marshall*, but soon thereafter deeded the same land back to his father. At the time the land was so deeded back, the said *William P.* had full knowledge of the existence of the mortgage. Afterwards, on the 1st of *July*, 1848, *William P.* conveyed to the defendant the east half of section ten, township seven, range one, in said county, which last deed embraces the mortgaged premises.

The bill alleges that the debt specified in the mortgage has been long since due, and is wholly unpaid; and prays that the defendant be compelled to deliver up the mortgage for the inspection of the Court; or if he cannot do so, that he state the contents thereof; that he answer without oath, &c.; and that the Court, upon final hearing, decree that the equity of redemption, &c., be foreclosed, and the premises be sold on execution, &c.

The defendant answered without oath. His answer denies the execution of the mortgage, and also all the other material allegations in the bill.

A general replication was filed to the answer.

Several depositions were taken and read upon a final hearing of the cause.

The Court dismissed the bill without prejudice.

This bill was not sustained by the evidence. It is true there was some evidence tending to prove that the de-

fendant had given to the plaintiff a mortgage on the east half of the land whereon he lived, and that the sum specified therein was about 300 dollars; but the premises alleged to have been mortgaged were not described by the evidence with sufficient certainty. Nor was the nature and extent of the estate mortgaged, whether in fee, for life, or for a less period, shown by the bill or the proofs.

The condition of the mortgage was left entirely uncertain. No proof was adduced as to when or how the sum secured was to be paid.

It was shown that the plaintiff had, on several occasions, both before and after the mortgage was given, advanced money to the defendant and for his use. And the plaintiff contends, that the Court having acquired jurisdiction of the cause, should have retained the bill and given a decree for whatever amount was proven to be due.

We are not of that opinion. The case presented by the evidence did not authorize the Court to retain the bill for that purpose. The plaintiff's remedy, if he has any, was more appropriate at law. 1 Story's Eq. s. 73.

*Per Curiam.*—The decree is affirmed with costs.

*D. S. Majo'r* and *A. Brower*, for the plaintiff.